HAMILTON *vs.* THE EDEN GOLD MINING COMPANY *et al.*

1. Whether, in a deed to land, a clause reserving to the grantor all minerals and mining privileges thereon constitutes a reservation or exemption, and whether it would be void as being a saving as large as the grant, is not decided, because the question was not argued before this court.

2. Under the facts of this case, there was no error in refusing to grant an injunction to restrain one who held under the grantee of a deed containing such a provision from using certain water on the land and a certain mill for pounding and washing ore taken by him from an adjacent lot. No harm can come to the complainant thereby; and it is directed that the case be held for a full and final trial before the court and jury.

December 15, 1885.

Deeds. Estates. Contracts. Mines and Mining. Before Judge HARRIS. Douglas County. At Chambers. April 9, 1885.

Reported in the decision.

J. S. JAMES; P. H. BREWSTER; C. D. CAMP, for plaintiff in error.

THOMAS W. LATHAM; A. L. BARTLETT, for defendants.

BLANDFORD, Justice.

Hamilton sold and conveyed a certain tract of land in fee, reserving to himself all minerals thereon and mining privileges. The defendants acquired title to a portion of this land from the grantee of plaintiff. The plaintiff filed this bill to prevent the defendants from using certain water on the land and a certain mill for pounding and washing ore taken by defendants from an adjacent lot belonging to them The court refused the injunction, and plaintiff excepted.

1. Whether the words reserving to himself all minerals and mining privileges constitute a reservation or an ex-

ception, we do not now decide; it may become important hereafter. See Shep. Touch., 80. In Shoenberger *vs.* Lyon, 7 W. & S., 184, the words "excepting and reserving" were construed to be an exception, and were set aside on the principle that every saving in a deed as large as the grant is void. But we leave this deed to future construction, inasmuch as this point was not argued before us.

2. We are unanimous that the court did right to refuse the temporary injunction in this case, as there can come no harm to plaintiff on that account, under the facts; for whatever may be the rights of the grantor, it is clear that the grantee had the right to erect the mill and use the water on the land. We are satisfied that this case should go to trial before a jury, where all the facts can be submitted to the court and jury, and for this purpose we direct that the bill be held up for a full hearing so that the case may be intelligently adjudicated. There are many questions which may arise in this case of the first importance, which are not clearly stated in the record, and which have not been argued before us; and upon a full investigation, we will be better enabled to consider and decide them.

Judgment affirmed.